**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Supreme Raheem Ackbar, #182864<br>*a/k/a Ronald Gary, #275886,*<br><br>Plaintiff,<br><br>v.<br><br>Charles W. Jones,<br>James. F. Ashmore,<br>Chris Miller,<br>Lorin Williams,<br>Alan Wilson,<br>Trey Gowdy,<br>Chuck Wright,<br>Derrick B. Bulsa,<br>J. Derham Cole,<br>Susan White,<br>Roger L. Couch,<br>Alphonso Simon, Jr.,<br><br>Defendants. | ) | Civil Action No. 7:20-cv-825-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 18) recommending the Court dismiss Plaintiff Supreme Raheem Ackbar's Amended Complaint (Dkt. No. 14) with prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

## I. Background

Plaintiff is an incarcerated person proceeding *pro se* and *in forma pauperis*.[1] Plaintiff filed this action on February 24, 2020, alleging that Defendants violated his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.)

[1] Under the Prison Litigation Reform Act ("PLRA"), a court may not grant *in forma pauperis* status to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

On March 27, 2020, the Magistrate Judge issued a proper form order informing Plaintiff that his complaint was subject to summary dismissal for failure to state a claim. (Dkt. No. 7.) The Magistrate Judge gave Plaintiff twenty-one days to file an amended complaint or risk dismissal. (*Id.* at 1.) On May 4, 2020, Plaintiff filed his Amended Complaint. (Dkt. No. 14.)

In his Amended Complaint, Plaintiff alleges that judges and prosecutors involved with a 2009 arrest committed a variety of wrongful acts which ultimately led to a 2011 guilty conviction and Plaintiff's current "false imprisonment." Plaintiff then alleges that all the individuals involved in his arrest and prosecution from 2009 through 2011 are responsible for all the wrongs that later happened to Plaintiff while incarcerated, including alleged retaliation by SCDC officials not named as defendants, but who are defendants in another other actions.

On May 8, 2020, the Magistrate Judge filed an R & R recommending the Court dismiss Plaintiff's Amended Complaint with prejudice and without service of process, pursuant to 28 U.S.C. § 1915(e)(2), which permits a court to dismiss a complaint if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" (Dkt. No. 18.) On May 26, 2020, Plaintiff filed objections to the R & R—stylized as a "motion to strike"—but his objections are non-specific and raise no substantive argument. (Dkt. No. 20.)

## II. Legal Standard

### A. *Pro Se* Pleadings

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (the "three-strikes rule"). In *Ackbar v. Monaco, et al.*, No. 4:20-cv-813 (D.S.C. June 1, 2020) the Court noted Plaintiff had had at least seven prior actions dismissed with prejudice on the grounds that said actions did not state a claim upon which relief could be granted. This Order brings the count to eight. As this Court has stated before, the Court cannot further grant Plaintiff *in form pauperis* status. *See* § 1915(g).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**B. Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff filed objections and the R & R is reviewed *de novo*.

## III. Discussion

After a thorough review of the R & R and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's Amended Complaint should be dismissed. First, the Court overrules Plaintiff's objections to the R & R, (Dkt. No. 20), because they neither articulate the specific portions of the R & R Plaintiff disagrees with nor the basis for said objections. See *White v. Stacher*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163328, at *3 (D.S.C. July 25, 2005), *adopted by*, No. CV 6-05-1737-GRA-WMC, 2005 WL 8163324 (D.S.C. Aug. 29, 2005). Second, the Magistrate Judge correctly noted that Defendants who are members of the judiciary are entitled to absolute judicial immunity for actions taken in their judicial capacity and must be dismissed as party defendants. Third, the Magistrate Judge correctly determined that the solicitors, attorney general, and deputy attorney general sued by Plaintiff are protected by immunity for activities in or connected with judicial proceedings and must be dismissed as party defendants as well. Finally, as the Magistrate Judge explains in detail in the R & R, Plaintiff's remaining claims are either insufficiently pled, barred by applicable statutes of limitations, or must be raised through a habeas action filed under the appropriate statute.

The Magistrate Judge also correctly concluded Plaintiff's Amended Complaint is subject to dismissal with prejudice. *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table) (noting that where the district court has already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"); *Knox v. Plowden*, 724 Fed. Appx. 263 (4th Cir. May 31, 2018) (Table) (on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished). Thus, in line with Fourth Circuit case law, Plaintiff's Amended Complaint

is dismissed with prejudice because Plaintiff had an opportunity to amend but failed to cure deficiencies in his Amended Complaint.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 18) as the Order of the Court, **DENIES** Plaintiff's motion to strike (Dkt. No. 20), and **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

June 1, 2020
Charleston, South Carolina